UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NELSON REYES,                                    :

        Plaintiff,                       :

        -against-                           :    **REPORT AND RECOMMENDATION**

LIONEL LORQUET, ET AL.,                 :    07 Civ. 870 (RJH)(KNF)

        Defendants.                     :

------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. HOLWELL, UNITED STATES DISTRICT JUDGE

      On February 6, 2007, Nelson Reyes ("Reyes"), proceeding pro se, commenced this action, alleging violations of, inter alia, 42 U.S.C. § 1983, against: (1) Lionel Lorquet ("Lorquet"); (2) Captain Lemon ("Lemon"); (3) T. Smith; (4) Correction Officer Drayton ("Drayton"); and (5) John Doe. Reyes served Lorquet, Lemon, and Drayton properly; each failed to answer or move with respect to the complaint, within the time permitted.

      In an order, dated July 13, 2007, the Court directed Reyes to review Fed. R. Civ. P. 41 and 55, and, by August 10, 2007, to "make such application to the court as he deems appropriate." Subsequently, the Court enlarged to May 1, 2008, the time for Reyes to file and serve, upon the defendants, a motion for judgment by default. In August 2008, the Pro Se Office for this judicial district provided Reyes with procedural guidance concerning the proper manner in which to make a motion for judgment by default, in conformity with your Honor's Individual Rules of Practice. Thereafter, in an order, dated September 28, 2009, the Court directed Reyes to file and serve, upon the defendants, by October 13, 2009, his motion for judgment by default. In

the order, the Court advised Reyes that, should he fail to comply with the direction, "a report and recommendation may be made to the assigned district judge that his complaint be dismissed, for failure to prosecute" this action.  The docket sheet for this action, maintained by the Clerk of Court, does not indicate Reyes has filed or served his motion.

Fed. R. Civ. P. 41(b) provides, in relevant part, if a plaintiff "fails to prosecute . . .[,] a defendant may move to dismiss the action or any claim against it."  Rule 41(b) authorizes a defendant to make a motion, but it does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  Link v. Wabash R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1388-89 (1962).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  Id., at 630-31, 82 S. Ct at 1389.

Reyes' case is nearly three-years-old, and he has received "prior prodding" by the Court to move the litigation forward.  See Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978).  Despite receiving two time enlargements to file and serve his motion, guidance from the Pro Se Office on how to make his motion, and a warning from the Court that failure to make his motion would result in a report and recommendation that his action be dismissed for failure to prosecute, Reyes has failed to submit a motion and advance his case.  As such, maintaining this action on the court's docket, as an active case, is not warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that your Honor invoke your inherent power and dismiss the plaintiff's complaint, for failure to prosecute this action.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Holwell. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
November 6, 2009

Respectfully submitted,

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Nelson Reyes

3